RIO GRANDE FIRE INS. CO. et al. v. HERDER. (No. 5549.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1915.)

1. CORPORATIONS ⟨key⟩297—POWERS OF DIRECTORS.

That at a meeting of shareholders a motion to instruct the directors to reimburse the shareholders who financed the investigation made of the corporation's affairs was lost, the expenses referred to in the motion amounting to $800 or $900, does not preclude the board of directors from subsequently paying any legitimate items going to make up the entire amount.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1274–1291; Dec. Dig. ⟨key⟩297.]

2. CORPORATIONS ⟨key⟩214 — DIRECTORS — LIABILITY OF.

While stockholders who sued for the benefit of the corporation are entitled to reimbursement for expenses only where they succeed, that rule does not apply where a director is sought to be charged with funds disbursed by him to such stockholders under authority of the board of directors.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. ⟨key⟩214.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by George Herder against the Rio Grande Fire Insurance Company, which counterclaimed. From a judgment for plaintiff denying defendant's counterclaim, it appeals. Affirmed.

Marcus W. Davis and Geo. M. Mayer, both of San Antonio, for appellant. Templeton, Brooks, Napier & Ogden, of San Antonio, for appellee.

MOURSUND, J. The Rio Grande Fire Insurance Company was dissolved, and two dividends had been declared for the benefit of its stockholders, aggregating 60 per cent. of the par value of the stock. Appellee held stock of the par value of $2,600, and sued to recover dividends to the extent of 60 per cent. of his stock. The defendants, the Rio Grande Fire Insurance Company and the directors who were sued as trustees, admitted that the dividends amounted to the sum sued for, namely, $1,560, but alleged that appellee was justly indebted to the company in the sum of $411.10, with interest at the rate of 6 per cent. per annum from January 10, 1910, by reason of the fact that appellee, as a member of the board of directors of the company, had illegally and without authority paid said sum out of the funds of the company.

They tendered the amount of liquidating dividends due him, less said sum of $411.10, with interest thereon. Appellee denied that he was indebted to defendants, and alleged that the company had paid him said sum of $411.10 to be distributed by him to various stockholders who had contributed said amount for the purpose of its being expended for the benefit of the company to contest the purchase by the company from its former president, C. W. Walker, of certain property on Alamo Heights, and alleged, further, that all of said money except $99 had been expended in bringing and prosecuting said suit. Appellee alleged further that the money was paid to him under authority of the board of directors, and with the understanding that it would be paid out by him to the various stockholders, in proportion to the sum contributed by each, and that he had paid it out pursuant to such understanding, wherefore defendants were estopped to assert any claim to such money. Defendants replied, alleging that the board of directors had no authority to pay said sum, and that their action in paying it was unlawful; they denied that the money was expended for the benefit of the corporation, or that any benefit had ever been derived by the corporation from the expenditure thereof; they also denied that by any action of the company were they estopped to assert their claim to said money. The court rendered judgment in favor of appellee for the full amount sued for.

[1] Appellants contend that the offset of $411.10 should have been allowed because the evidence shows that at a stockholders' meeting the stockholders refused to allow and pay said sum, and for that reason the directors were without authority and power to allow and pay said sum of $411.10. The minutes of the stockholders' meeting show that a motion to instruct the board of directors to reimburse these stockholders who financed the investigation made of the company's affairs, during August and September, 1911, failed to carry. The expenses referred to in this motion amounted to $800 or $900, including, in addition to the items making the $411.10, certain expenditures by a committee with reference to an investigation of an election of a new board of trustees. The minutes of the board of directors show the following:

"Mr. George Herder presented a statement of the expenses of the stockholders who employed counsel to prevent the sale of the Walker place to the Rio Grande Fire Insurance Company, and the board allowed thereon, the following items: Attorney's fees, $250.00; $151.10; total $411.10, and instructed the secretary to issue draft to George Herder in payment of the same."

The money was paid to appellee, and he distributed it among the stockholders who had contributed funds. The action of the stockholders in voting down the motion to pay the sum of $800 or $900 cannot be held to be a denial of the right of the directors to pay any legitimate items of expense going to make said entire amount. The contention made in the first assignment of error is therefore overruled.

[2] The appellants failed to sustain their contention that the expenditures complained of were unauthorized by law. The evidence shows that the greater portion of the $411.10 was expended in the reimbursement of stockholders for the expenses of a suit, instituted for the benefit of the company to prevent the purchase by the directors from the then president of the corporation of his home for a large sum, and to recover money which it was alleged he had received and was not entitled to, while the remainder was paid for a stenographic transcript of the proceedings of a stockholders' meeting, which was subsequently used for the benefit of the company in other litigation. It is true that stockholders are only entitled to reimbursement for reasonable expense incurred in prosecuting a suit for the benefit of the corporation if they succeed in such litigation. Cook on Corporations, §§ 748, 879. The evidence does not show how the suit terminated. But this is not a suit by stockholders to recover expenses of that character, but is a suit in which a director is sought to be charged with funds expended by the board of directors on the theory that such expenditures were not authorized by law. The burden of proof was upon appellants to establish that such expenditures were unlawful, and they failed to do so.

The judgment is therefore affirmed.